JOHN McCANN *v.* CALVIN RATHBONE.

Under the provisions of chapter 359 of the Public Laws, a right of entry entitles one to a special court action for possession of lands, tenements or hereditaments.

Section 2 of chapter 167 of the Revised Statutes, and chapter 332 of the Public Laws, referred to and expounded, and the decision in *Diman* v. *Arnold et al.* 2 R. I. 398, cited and affirmed.

EXCEPTIONS to rulings of a special Court of Common Pleas, in an action for possession of a certain lot of land, in Cumberland, from which the plaintiff, in his declaration, alleged that the defendant had, with force and arms, ejected him; and of which, he further alleged, the defendant wrongfully, unlawfully and in a forcible manner withheld the possession. The general issue was pleaded, and the cause submitted to the Court upon the law and the evidence.

The facts in proof were, substantially, as follows: One James Reid, the owner of the lot, on the 1st of January, 1861, by a written lease, demised the same, at a specified rent, for a term of five years, to one John Balkcom, who, at a cost of about one thousand dollars, erected thereon a story-and-a-half house, a part of which he improved as a store, and the remainder occupied

for a dwelling. About the time of the expiration of the lease, and for some little time afterwards, conferences took place between Reid and Balkcom concerning a continued occupation by Balkcom, the amount of rent to be paid being the only point of difference between them. Upon this they failed to agree, and, on the 28th of March, 1866, Reid, in writing, notified Balkcom to quit the premises on or before the 2d day of April following. It did not appear that Reid had ever made any entry upon the land after the termination of the aforesaid lease; but it did appear that the aforesaid building, at the date of the plaintiff's writ (May 3d, 1866) and at the time of trial, was in the occupation of the defendant (Rathbone) as tenant of said Balkcom; and, also, that on the 30th of April, 1866, Reid made a lease of the premises to the plaintiff, for a term of five years,—one provision of which was, that the rent should not begin to accrue until the plaintiff should obtain possession of the premises, and "that the expense of ejecting from said premises the present occupant, one John Balkcom, should be deducted from the rent." It was claimed, on the defendant's part, that a sum of four dollars was shown, by the evidence, to have been received by Reid from Balkcom, as advance rent, after the expiration of the lease aforesaid,—but this question of fact the Court left undetermined.

Upon this state of facts, the Court held and ruled, 1st. That the plaintiff, by force of the lease to him, could not have and exercise the same rights and remedies, for the recovery of possession of said premises, as said Reid could or might have had or exercised, in case said lease had not been made to the plaintiff. 2d. That the said Balkcom, as a matter of law, became tenant at will to said Reid, at the expiration of the lease between the parties, and was entitled to reasonable notice to quit; and that the notice in proof was not, as a matter of law, reasonable notice. 3d. That the defendant was tenant to Balkcom, and not to the plaintiff; that the plaintiff never had any actual or constructive possession of the premises; and, therefore, that the defendant did not wrongfully detain said premises, within the meaning of chapter 332 of the Revised Statutes. To these rulings the plaintiff excepted.

*Markland, for the plaintiff:*—

I. Was the action properly brought, as respects the parties? That it was, is apparent from the provisions of the Statutes. Rev. Stats. ch. 167, § 2, p. 396; Supplement, ch. 332; Ibid. ch. 359. These give a party out of possession, who has acquired lawful right of possession by purchase or otherwise, a remedy by action at a special Court, against any person, whether tenant or not, who wrongfully, though without force, detains possession. See Rev. Stats. of Mass. ch. 137, § 2; *Kingsley* v. *Ames,* 2 Met. 29; *Hollis* v. *Pool,* 3 Ib. 350; *Hildreth* v. *Conant,* 10 Ib. 298; *Howard* v. *Merriam,* 5 Cush. 563.

II. Was Balkcom a tenant at will or a tenant at sufferance to Reid, when he made the lease to the plaintiff? This seems a question of little materiality, inasmuch as the Revised Statutes, ch. 205, § 2, provide for notice to each class of tenants alike.

III. Was the notice, of the 28th of March, to quit on the 2d of April, a sufficient notice? In other words, was the tenancy at will, between Reid and Balkcom, determined before the commencement of this suit? The Judge ruled that Balkcom, being tenant at will, was entitled to reasonable notice, and that the notice given was not reasonable. What is reasonable notice to quit is, of course, a question of law for the Court upon the facts. *Ellis* v. *Paige,* 1 Pick. 43; *Elwes* v. *Mane,* 2 Smith's Lead. Cas. 115, and notes; *Shepard* v. *Spaulding,* 4 Met. 416. The notice to quit, if at all necessary, must be taken to have been reasonable. But in this case it was not necessary to give any notice whatever. The provisions of the Revised Statutes, chapter 205, respecting notice, apply only to cases where one of the parties *volunteers* to determine the will. If it be determined, as it may be, by other legal means, then the provisions of our statute do not apply. In this case the will was determined by the making of the lease from Reid to the plaintiff, and also by the lease from Balkcom to the defendant. *Hollis* v. *Pool,* 3 Met..350; *Benedict et al.* v. *Morse,* 10 Ib. 230; *Hildreth* v. *Conant,* 5 Cush. 563; 1 Washburn on Real Prop. 372, 373.

*Borden, for the defendant:*—

I. The plaintiff cannot sustain this action, because his gran-

tor, Reid, had, at most, but a right of action for possession, which is not transferable. *Mercer* v. *Halstead,* Bushee (Law), 311; *Cobham* v. *Ash,* 1 Taylor, 123; *Larned* v. *Clark,* 8 Cush. 29; 4 Kent's Com. 446; *Ellis* v. *Doe,* 11 Sm. & M. 422.

II. The Court will not sanction a violation of law, by sustaining a conveyance of land by one not in possession. 4 Kent's Com. 446; Rev. Stats. p. 550.

III. Reid himself, the plaintiff's lessor, had no right of action against the defendant, because he had no possession. And so of the plaintiff. Neither had made an entry; and an actual, not a merely constructive possession, is necessary to maintain an action for forcible entry and detainer, or wrongful detainer. *Hunt* v. *Wilson,* 14 B. Mun. 44; *Seales* v. *Cortello,* 12 Lou. 203; *Pitman* v. *Davis,* 1 Camp. 29.

IV. The defendant is tenant of Balkcom, not of Reid nor of the plaintiff, and liable for rent to Balkcom alone. *Dartmouth College* v. *Clough,* 8 N. H. 22. The relation of landlord and tenant must subsist between the parties to this action. *Carlin* v. *McCall,* 1 Hilton, 399; *Hovey* v. *Blanchard,* 13 N. H. 145.

V. The defendant cannot be held to be wrongfully in possession until some act of his landlord, determining his tenancy, is shown. Be he whose tenant he may, he was entitled to notice as a tenant at will or at sufferance, if in no other character. *Gleason* v. *Gleason,* 8 Cush. 32; *Budlong* v. *Leary,* 8 Ibid. 439; *Evans* v. *Greely,* 5 Gray, 308; Rev. Stats. ch. 205, p. 513.

VI. * The notice to Balkcom, of March 28th, was obviously of no avail as against the defendant, or even against Balkcom. He was allowed to hold over, after the expiration of his lease, for a period of three months, and thus became a tenant from year to year. *Saguenne* v. *Doughterry,* 35 Penn. 44; *Russell* v. *Fabyan,* 34 N. H. 218–24; 4 Kent's Com. 112, 115. Besides, the notice of three days was manifestly unreasonable, under the circumstances in proof.

BRADLEY, C. J. It appears that, after the expiration of a certain lease, the owner of the premises had made a second lease to the plaintiff, and the first tenant had underlet to the defendant, and that the second lessee had never been in possession of

the premises. The question is, whether he can maintain this action of ejectment.

The provisions of our Statutes are as follows :—

"CHAPTER 322. Section 1. Special Courts of Common Pleas, in addition to the powers conferred upon them by chapter 167, section 2, of the Revised Statutes, shall have cognizance concurrent with the Supreme Court and Court of Common Pleas, of actions brought for possession of tenements or estates, against tenants and others who hold and occupy the same, by wrongful entry or detainer, or as tenants at will or by sufferance."

"CHAPTER 359. Section 1. In actions of ejectment and trespass and ejectment to recover possession of lands, tenements or hereditaments, the plaintiff shall not be required to prove an actual entry under his title, but if he proves that he is entitled to such an estate as he claims in the premises, whether as heir, devisee, purchaser or otherwise, and also that he has a right of entry therein, this shall be deemed sufficient proof of his seizure, as alleged in his declaration, but no such action shall be maintained unless the plaintiff has, at the time of commencing the same, a right of entry into his premises."

The last statute seems to us to have no other meaning than to provide that such action may be brought by any plaintiff who has a right of entry.

And as to the construction of the language of the statute, chapter 332, we see no reason to differ from the decision of the Court already made in the second volume of our reports (*Diman* v. *Arnold et al.* 2 R. I. 398), in which the Court, quoting the language of the act then in force, subsequently repealed, but containing similar provisions with the present act, say :—" The act goes on and gives cognizance of actions ' against tenants or persons who hold or occupy tenements or estates by wrongful entry or detainer.' If it was intended to confine the action for possession to estates let, it would be unnecessary to repeat the words ' tenements or estates ' in this clause of the section. The language is as comprehensive as words could make it, and extends to every case where a person has wrongfully entered, or, having rightfully entered, wrongfully detains any tenement or estate." Besides,

the statute, chapter 332, seems intended to obviate the question discussed in that case, by omitting the word "let" after "estates," and substituting "and others" for "or persons." We therefore hold that our statutes authorize an action of ejectment in a special Court, to be brought by any plaintiff who has a right of entry, against any defendant who detains the estate, and, sustaining the first and third exceptions, remand the case to the special Court.